IN RE DISQUALIFICATION OF HORVATH.

CITY OF AVON LAKE *v.* ROMES.

CITY OF AVON LAKE *v.* SHMELTER.

CITY OF AVON LAKE *v.* DRWAL.

CITY OF AVON LAKE *v.* TETORAKIS.

CITY OF AVON LAKE *v.* KLEKOTTA.

CITY OF AVON LAKE *v.* KOBELAK.

CITY OF AVON LAKE *v.* KUEBLER.

CITY OF AVON LAKE *v.* ZITIELLO.

[Cite as *In re Disqualification of Horvath,*
105 Ohio St.3d 1247, 2004-Ohio-7356.]

Moyer, C.J.

{¶ 1} Attorney Gerald W. Phillips—on behalf of the defendants—has filed an affidavit with the Clerk of this court under R.C. 2101.39 and 2701.03 seeking the disqualification of Judge Frank J. Horvath from acting on any further proceedings in case Nos. 2004–PC–6, 2004–PC–8, 2004–PC–9, 2004–PC–10, 2004–PC–13, 2004–PC–15, 2004–PC–17, and 2004–PC–18 in the Court of Common Pleas of Lorain County, Probate Division. Eight of the defendants have sworn similar affidavits as well, which are appended to affiant's affidavit.

{¶ 2} Affiant and the eight defendants allege that Judge Horvath displayed hostility toward them at a recent pretrial conference. The judge allegedly described the various appropriation cases listed in the caption above as trivial and demanded that they be settled. Affiant claims that the judge has also criticized him for filing multiple pleadings late in the afternoon.

{¶ 3} Affiant also alleges that the judge failed to act on pending motions for several months and then issued decisions on them shortly before a scheduled trial in one of the cases. The judge displayed bias and prejudice by doing so, affiant claims. He further alleges that the judge is also angry with affiant and his clients because affiant filed a mandamus and prohibition case challenging one of the judge's rulings.

{¶ 4} Finally, affiant notes that the judge received a $400 campaign contribution from the opposing attorney's law firm in 2002, and affiant alleges that he saw the judge and the opposing attorney holding a very friendly conversation in March 2004.

{¶ 5} Judge Horvath has responded to the affidavits. He describes affiant as "ill-prepared" at the final pretrial conference, and the judge acknowledges that he "admonished" affiant "sternly" for that reason. The judge denies that he has conveyed any fixed opinions about the merits of the case to the parties. Any perceived difference in the judge's treatment of the attorneys is attributable to the lawyers' differing levels of pretrial preparation, he explains.

{¶ 6} Judge Horvath also denies that any connection exists between campaign contributions on the one hand and his treatment of attorneys or his judicial rulings on the other. And his longtime acquaintance with the father of the opposing attorney "is not responsible for Attorney Phillips' lack of preparation," the judge says. He also denies that he holds any bias or prejudice in connection

with affiant's late-in-the-day filings at the probate court, and he says the same about affiant's various legal challenges to some of the judge's rulings.

{¶ 7} I find no basis for ordering the disqualification of Judge Horvath. First, I see no bias or prejudice in the fact that the judge has not issued pretrial rulings as quickly as affiant would like. A party's disagreement or dissatisfaction with a court's rulings of law, without more, does not demonstrate bias or prejudice. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459. An affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4.

{¶ 8} As for the judge's comments about the prospect of settlement before trial, I have rejected in previous cases the kinds of concerns voiced by the affiant in this case. As I have said, "A judge rarely hears preliminary aspects of a case without forming conditional opinions of the facts or law. These conditional opinions often assist the parties and their counsel in identifying and narrowing the issues in controversy and facilitate the settlement of cases prior to trial. However, the formation of these conditional opinions is not sufficient to counter the presumption of the judge's ability to render a fair decision based upon the evidence later presented at trial." *In re Disqualification of Brown* (1993), 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353.

{¶ 9} And to the extent that the judge's comments at the pretrial conference reflected dissatisfaction with affiant's pretrial preparation, those comments do not evidence bias or prejudice. A judge is entitled to hold counsel to deadlines and to admonish attorneys who are not prepared for pretrial conferences or other events on the court's calendar.

{¶ 10} To be sure, "a judge, notwithstanding the conduct of litigants or counsel, has an ethical obligation to conduct himself or herself in a courteous and dignified manner that does not convey the appearance of bias or prejudice * * *." *In re Disqualification of Cleary* (2000), 88 Ohio St.3d 1220, 1222–1223, 723 N.E.2d 1106. In a disqualification case, however, my duty is to ferret out true bias or prejudice. In these various appropriation cases, the affiant's description of the judge's comments does not lead me to conclude that the judge has formed a fixed judgment, and I do not find that the judge holds any animosity toward affiant. The judge may very well have indicated in strong words his dissatisfaction with affiant's preparation, and he evidently also encouraged the parties to settle the cases, but the affidavits do not convince me that the judge will be unable to approach any further proceedings in the cases in a fair and impartial way. The judge's remarks to affiant discouraging him from filing documents at the probate court in the late afternoon do not reflect any bias against him, either.

{¶ 11} Nor is disqualification warranted in these cases simply because affiant has pursued legal challenges to the judge's rulings. The affidavit does not suggest that the judge has ever expressed any dissatisfaction toward affiant as a result of his filing of appeals or original actions, and certainly affiant does not allege that the judge holds any pecuniary interest in the outcome of those appeals or other challenges.

{¶ 12} And finally, neither the size of the $400 campaign contribution to Judge Horvath nor the timing and circumstances of its delivery suggest to me that the judge is biased or prejudiced in favor of opposing counsel. The judge has evidently not said or done anything before or after receiving the contribution to suggest that the contribution would influence his judicial decisions, and I find no indication in any of the affidavits that it has done so. The same is true of the judge's friendship with the father of opposing counsel. The affidavit does not indicate that the friendship has prevented or will prevent the judge from ruling fairly and impartially.

{¶ 13} In sum, the affidavit does not contain evidence that would lead an objective, reasonable observer to harbor serious doubts about Judge Horvath's ability to decide the cases impartially. As I said recently, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in these cases.

{¶ 14} For the reasons stated above, the affidavit of disqualification is denied. The cases shall proceed before Judge Horvath.