IN RE DISQUALIFICATION OF RASTATTER.

STATE *v.* QUINN.

[Cite as *In re Disqualification of Rastatter,*
143 Ohio St.3d 1239, 2015-Ohio-2810.]

(No. 15–AP–023—Decided April 9, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant James E. Quinn has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Douglas M. Rastatter from presiding over any further proceedings in the above-captioned case, which is pending before the common pleas court on Quinn's petition for postconviction relief.

{¶ 2} Quinn claims that Judge Rastatter "lied" in a July 28, 2014 entry and therefore the judge has a "fixed view of defendant's guilt." Specifically, Quinn asserts that the judge stated in the entry that he had reviewed the "case file, defendant's motion, and a transcript of the jury trial" in order to decide Quinn's motion for new trial. Quinn avers, however, that the trial transcripts were not

filed until August 11 and 12, 2014, and therefore the judge could not have reviewed the transcripts before issuing his July 28 entry.

{¶ 3} Judge Rastatter has responded in writing to the allegations in Quinn's affidavit. The judge denies having a fixed view of Quinn's guilt and vows to consider any future motions fairly and impartially.

{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). R.C. 2701.03 requires the affiant to submit specific allegations of bias or prejudice. Additionally, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.

{¶ 5} Here, Quinn has not set forth sufficient evidence to overcome Judge Rastatter's presumption of impartiality. Quinn's primary allegation is that the judge "lied" in his July 28 entry by falsely claiming to have reviewed the transcripts prior to deciding Quinn's motion for new trial. In response, Judge Rastatter states that although he presently has no specific recollection of reviewing the trial transcripts in the underlying case, he routinely reviews incomplete and/or unedited transcripts with his court reporter before the official transcripts are filed. Given Judge Rastatter's explanation of his routine practice—and without more direct evidence—Quinn's speculative claim that the judge "lied" in his July 28 entry is inadequate to remove the judge for bias or prejudice, especially considering that Judge Rastatter has already presided over the trial in this case. *See, e.g., In re Disqualification of Flanagan,* 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice"); *In re Disqualification of Celebrezze,* 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001) ("absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case").

{¶ 6} Additionally, even if Judge Rastatter made a misstatement in his July 28 entry, a judge's misstatements or errors are generally corrected on appeal, not by filing an affidavit of disqualification. *See In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4 (an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law").

And more important, Quinn has not explained how the alleged misstatement necessarily shows that the judge has reached a fixed anticipatory judgment on Quinn's pending petition for postconviction relief. For his part, Judge Rastatter has vowed to consider all of Quinn's future motions with an open mind. Although a trial judge's subjective belief as to his or her own impartiality is not the decisive factor in deciding a disqualification request, "the judge's own assessment is certainly entitled to some weight," *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 11, especially when, as here, the affidavit of disqualification is based on speculative allegations.

{¶ 7} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Rastatter.