IN RE DISQUALIFICATION OF SLAGLE.

STATE *v.* MALONE.

[Cite as *In re Disqualification of Slagle,* 145
Ohio St.3d 1204, 2015-Ohio-5664.]

(No. 15–AP–081—Decided September 22, 2015.)

O'CONNOR, C.J.

{¶ 1} Marion County Prosecuting Attorney Brent W. Yager has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Jim Slagle from presiding over any further proceedings in the above-captioned case, now pending for trial.

{¶ 2} Yager asserts that Judge Slagle has made comments that "outwardly show his bias against the State in this matter" and that indicate he will likely grant a judgment of acquittal on certain charges. Yager also asserts that Judge Slagle has advocated on behalf of defendant by sua sponte raising legal issues with the state's charges and requiring the parties to brief those issues prior to trial. Yager claims that the judge's conduct is similar to that in *State v. Land*, 3d Dist. Marion No. 9–13–39, 2014-Ohio-1877, 2014 WL 1801710, a case in which the Third District Court of Appeals concluded that Judge Slagle had abused his discretion, in part, by taking an adversarial position with the state regarding an issue that the judge had raised sua sponte, *id.* at ¶ 19.

{¶ 3} Judge Slagle has responded in writing to the affidavit, denying any bias against the prosecution. The judge affirms that he has not made any determinations in the case and expressly denies having stated that he would grant a directed verdict. He acknowledges, however, that he sua sponte requested the parties to brief legal issues regarding some of the state's charges in advance of trial so that "the Court and Counsel can all be better prepared to proceed through trial in an organized fashion."

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Slagle.

{¶ 5} First, "[i]n the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case." *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989). Here, Judge Slagle explains that the underlying criminal case has been ongoing for a year and a half and that he has conducted 17 pretrial hearings in the matter. The fact that the judge may have expressed a preliminary assessment about certain charges during that time period does not necessarily warrant his disqualification. " 'A judge rarely hears preliminary aspects of a case without forming conditional opinions of the facts or law. These conditional opinions often assist the parties and their counsel in identifying and narrowing the issue in controversy * * *.' " *In re Disqualifica-*

*tion of Horvath,* 105 Ohio St.3d 1247, 2004-Ohio-7356, 826 N.E.2d 305, ¶ 8, quoting *In re Disqualification of Brown,* 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353 (1993). However, those conditional opinions are generally not sufficient to counter the presumption of a judge's ability to render a fair decision based on the evidence later presented at trial. *Id.*

{¶ 6} Here, given the length of time that Judge Slagle has presided over this matter and given his assurances that he has not prejudged any of the issues in this case, his pretrial comments alone do not establish that he has hostility or animosity toward the state, combined with a fixed anticipatory judgment, that would mandate his removal for bias. *See In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14 (defining "bias or prejudice" as a hostile feeling or favoritism toward one party "with the formation of a fixed anticipatory judgment on the part of the judge").

{¶ 7} Second, the record is insufficient to conclude that Judge Slagle has acted as an advocate in this proceeding. Yager is correct that the

> "responsibility of a judge is to decide matters that have been submitted to the court by the parties. The judge may not, having decided a case, advocate for or * * * materially assist one party at the expense of the other. Such advocacy creates the appearance, and perhaps the reality, of partiality on the part of the judge."

*Disciplinary Counsel v. O'Neill,* 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 13, quoting *In re Complaint Against White,* 264 Neb. 740, 752, 651 N.W.2d 551 (2002). However, "there is no bright-line test for determining when a judge has moved from appropriate involvement in a proceeding to impermissible advocacy on behalf of one side." Flamm, *Judicial Disqualification,* Section 15.5, at 425 (2d Ed.2007). In *State v. Land,* the Third District concluded that Judge Slagle inappropriately raised an issue sua sponte in contradiction of a defendant's trial strategy and then took an adversarial position with the state by essentially ruling on the issue before allowing the state to present any evidence. *See Land,* 2014-Ohio-1877, 2014 WL 1801710, ¶ 19.

{¶ 8} Here, although it appears that Judge Slagle has again sua sponte raised legal issues with the state's case, the judge explains that he has merely requested the parties to brief those issues "[i]n an effort to sort out the issues prior to trial." Given that Judge Slagle is allowing both sides the opportunity to respond to the issues he raised, and given his averment that he has not made any determinations on the facts, the circumstances are distinguishable from *Land.* Thus, the record is insufficient to conclude that Judge Slagle has yet crossed a line abandoning his neutral role.

{¶ 9} The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.