IN RE DISQUALIFICATION OF JAMISON.

IRVIN *v.* EICHENBERGER.

2015-Ohio-5674.]

(No. 15–AP–103—Decided December 11, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant, Raymond L. Eichenberger, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Terri Jamison from presiding over any further proceedings in the above-captioned divorce case.

{¶ 2} Eichenberger filed his affidavit on December 9, 2015. He avers that the court's magistrate is hearing several matters on December 15, 2015, and that an objections hearing is scheduled before Judge Jamison on January 22, 2016. However, under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." The statute does not differentiate between hearings scheduled before the court's magistrate and those scheduled before the trial judge. Additionally, it is well settled that the seven-day statutory deadline may be set aside "only when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing. *In re Disqualification of Leskovyansky,* 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999); *Disciplinary Counsel v. Squire,* 116 Ohio St.3d 110, 2007-Ohio-5588, 876 N.E.2d 933, ¶ 27. Here, Eichenberger has not attempted to demonstrate that it was impossible for him to file the affidavit seven days before the next scheduled hearing on December 15.

{¶ 3} Accordingly, because Eichenberger's affidavit was filed six days before the next scheduled hearing, the affidavit is dismissed as untimely.