IN RE DISQUALIFICATION OF JAMISON.

IRVIN *v.* EICHENBERGER.

2015-Ohio-5683.]

(No. 15–AP–106—Decided December 30, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant, Raymond L. Eichenberger, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Terri Jamison from presiding over any further proceedings in the above-captioned divorce case. This is the second affidavit of disqualification that Eichenberger has filed against Judge Jamison in the underlying case. His first disqualification request was dismissed because it was not timely filed. *In re Disqualification of Jamison*, 146 Ohio St.3d 1251, 2015-Ohio-5674, 55 N.E.3d 1115.

{¶ 2} Eichenberger alleges that Judge Jamison has been "extremely rude, extremely unprofessional, extremely discourteous, and extremely intemperate" toward him because (1) he is proceeding pro se, although he is a licensed attorney, and (2) he filed an interlocutory appeal of one of her decisions. Eichenberger also claims that Judge Jamison mocked his Christian beliefs after he informed her that he did not want a divorce. As further evidence of Judge Jamison's bias against him, Eichenberger criticizes several of the judge's legal rulings. He also requests a stay of one of the judge's orders.

{¶ 3} Judge Jamison has responded in writing to the affidavit, denying any bias against Eichenberger and denying that she has been uncivil toward him. The judge also states that Eichenberger never told her that he was objecting to the divorce on religious grounds, and she explains the reasoning of some of her judicial rulings.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Jamison.

{¶ 5} First, Eichenberger has failed to sufficiently substantiate his allegations that Judge Jamison was uncivil toward him and mocked him. In a disqualification request, the burden falls on the affiant to submit specific evidence demonstrating that disqualification is warranted. R.C. 2701.03(B)(1) (requiring affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). And "[g]enerally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Eichenberger offers only his affidavit to support his allegations. It appears, however, that he could have substantiated his allegations by other means. For example, he avers that Judge Jamison was rude and hostile to him at a December 2, 2015 status conference. Yet he did not

submit a transcript of the conference or a third-party affidavit of a witness, although he acknowledges that the conference was held "in open court in front of a courtroom full of people." Nor did Eichenberger indicate the specific words or language used by the judge that he believes shows her bias. And Eichenberger's need for supporting evidence is accentuated here because Judge Jamison denies being uncivil toward him.

{¶ 6} The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. On this record, Eichenberger's vague and unsubstantiated allegations—especially in the face of clear denials by Judge Jamison—are insufficient to overcome the presumption that Judge Jamison has been fair and impartial. *See Baronzzi* at ¶ 7–8.

{¶ 7} Second, Eichenberger's disagreement or dissatisfaction with the judge's legal rulings is not grounds for disqualification. It is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. The remedy for Eichenberger's legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification.

{¶ 8} Finally, an affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge, and the chief justice's statutory authority is limited to removing a judge from a case. Accordingly, Eichenberger's request that this court stay one of Judge Jamison's orders is not well taken.

{¶ 9} For the reasons explained above, the affidavit of disqualification is denied. The case may proceed before Judge Jamison.