IN RE DISQUALIFICATION OF GALLAGHER.

POSTON *v.* SHELBY-LOVE.

2016-Ohio-8596.]

(No. 16–AP–052—Decided July 26, 2016.)

O'CONNOR, C.J.

{¶ 1} Alan N. Hirth and Rachel L. Steinlage, counsel for the plaintiff in the above-captioned probate case, have filed an affidavit with the clerk of this court under R.C. 2101.39 and 2701.03 seeking to disqualify Judge Laura Gallagher from presiding over any further proceedings in the case.

{¶ 2} Affiants aver that at a recent hearing regarding a discovery dispute, Judge Gallagher demonstrated bias against them and their client. Judge Gallagher has responded in writing to the affidavit, denying any bias against any party or counsel and concluding that she has conducted the proceedings with impartiality and an open mind.

{¶ 3} The disqualification of a judge is an extraordinary remedy. In deciding disqualification requests, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Here, affiants have not set forth sufficiently compelling evidence to overcome the presumption of Judge Gallagher's impartiality.

{¶ 4} First, affiants allege that at the discovery hearing, Judge Gallagher did not allow them to respond to defense counsel's allegations. Affiants' allegation, however, is contradicted by later statements in their affidavit. For example, their affidavit states that they "advised" Judge Gallagher that they had produced over 6,000 pages of documents, that the judge "was told" by affiants that the plaintiff had signed a verification page, and that they "provided" to Judge Gallagher Bates-stamp numbers for some of the produced documents. And for her part, Judge Gallagher claims that during the hearing, she gave both parties a fair opportunity to present their issues. Based on this record, affiants have not demonstrated that they were unfairly denied any opportunity to speak at the hearing.

{¶ 5} Second, affiants claim that Judge Gallagher "completely ignored" their arguments after she found that their client had not fully responded to the defendant's discovery requests. An affidavit of disqualification, however, is not the appropriate vehicle to determine whether a judge correctly ruled on a discovery issue. Therefore, affiants' disagreement with Judge Gallagher's discovery ruling is not a basis for disqualification. See In re Disqualification of Fuerst, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14 ("a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice").

{¶ 6} Finally, affiants allege that during the hearing, Judge Gallagher expressed a fixed anticipatory judgment because she questioned the evidentiary basis for the plaintiff's legal claims. Specifically, affiants assert that when they refused to disclose the evidence they intended to produce at trial, Judge Gallagher stated, "[Y]ou don't have any" evidence. Affiants believe the judge's alleged comment shows that she has already decided the merits of the case. In response, Judge Gallagher acknowledges that she asked affiants what evidence they had to support the plaintiff's claims, which the judge believes was a reasonable question because trial had been scheduled to commence that day. Further, she states that when affiants refused to answer her question, she did not pursue the matter.

{¶ 7} The fact that Judge Gallagher requested that affiants identify the plaintiff's evidence at a pretrial hearing or that she may have expressed a preliminary assessment about the plaintiff's evidence does not necessarily warrant her removal. Conditional opinions or preliminary assessments of a party's case "are generally not sufficient to counter the presumption of a judge's ability to render a fair decision based on the evidence later presented at trial." In re Disqualification of Slagle, 145 Ohio St.3d 1204, 2015-Ohio-5664, 47 N.E.3d 155, ¶ 5. Additionally, Judge Gallagher avers that she has not prejudged any matter in the case, and "[a]lthough a trial judge's subjective belief as to his or her own impartiality is not the decisive factor in deciding a disqualification request, 'the

judge's own assessment is certainly entitled to some weight,' " *In re Disqualification of Rastatter,* 143 Ohio St.3d 1239, 2015-Ohio-2810, 37 N.E.3d 162, ¶ 6, quoting *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 11. There is insufficient evidence to conclude that Judge Gallagher has reached a fixed anticipatory judgment.

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Gallagher.