IN RE DISQUALIFICATION OF COLLIER-WILLIAMS.

THE STATE OF OHIO *v.* FOUST.

 2017-Ohio-5718.]

(No. 17–AP–021—Decided May 2, 2017.)

O'CONNOR, C.J.

{¶ 1} Four Cuyahoga County assistant prosecuting attorneys have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Cassandra Collier–Williams from presiding over any further proceedings in the above-captioned capital case, over which she has presided since January 2013 and which is now pending for a new mitigation hearing.

{¶ 2} For the reasons explained below, the prosecutors have not established that Judge Collier–Williams's disqualification is necessary in this case.

**Background**

{¶ 3} In 2001, Kelly Foust, the defendant in the underlying case, was charged with aggravated murder and related felonies. After waiving his right to a jury trial, he proceeded to trial before a three-judge panel, which convicted him of most of the charges and sentenced him to death. In 2004, this court affirmed the convictions and death sentence. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836.

{¶ 4} In 2011, the United States Court of Appeals for the Sixth Circuit held that Foust's attorneys provided ineffective assistance of counsel by failing to adequately present mitigation evidence at the penalty phase of his trial. According to the federal court, there was a reasonable probability that had the three-judge panel heard the "true horror of Foust's childhood, at least one of the judges would not have sentenced Foust to death." *Foust v. Houk*, 655 F.3d 524, 546 (6th Cir.2011). The court issued a conditional writ of habeas corpus vacating Foust's death sentence unless the state of Ohio commenced a new mitigation hearing within 180 days from the date on which the court's judgment became final. *Id.* In

2012, the trial court granted the state's motion for a new mitigation hearing, but after years of delays and continuances—including three different presiding judges—the court has not yet held the hearing.

{¶ 5} In their affidavits of disqualification, the prosecutors argue that Judge Collier–Williams should be disqualified because she has unreasonably delayed the mitigation hearing, demonstrated bias and prejudice against the state, and expressed a predetermined opinion that Foust should be sentenced to life imprisonment rather than to death.

{¶ 6} Judge Collier–Williams has responded with a written brief and her own affidavit. The judge explains why the mitigation hearing has not yet occurred, denies any bias against the state, and denies having reached any fixed judgment on Foust's sentence.

## Merits of the affidavits of disqualification

### *Unreasonable delay*

{¶ 7} The prosecutors first claim that "a vast portion of the delay" in this case is "attributable to the actions and inactions of" Judge Collier–Williams and that she therefore should be· disqualified for unreasonably delaying the mitigation hearing. In response, Judge Collier–Williams submitted a detailed history of the case, in which she accounts for the delay in holding the mitigation hearing and explains why she had granted various continuances.

{¶ 8} Under R.C. 2701.03(A), a litigant may file an affidavit of disqualification if a judge allegedly is "interested in a proceeding," is "related to or has a bias or prejudice" against a party or a party's counsel, or "otherwise is disqualified to preside" in the case. Although a judge's neglect or unreasonable delay in a case *could be* a reason to disqualify the judge, the prosecutors here have not established that Judge Collier–Williams's actions or inactions mandate her removal. To be sure, the case has been pending for a significant and unusual amount of time. But it appears that the judge has held regular—almost monthly—conferences and that some of the delays were due to unforeseen circumstances, such as unexpected illnesses of Foust's mitigation expert and co-counsel. In the end, the record does not support a finding that the actions of Judge Collier–Williams have been so egregious or that she has neglected her judicial duties such that she should be removed for unreasonably delaying this case.

### *Biased comments*

{¶ 9} The prosecutors next claim that Judge Collier–Williams has made a variety of comments that allegedly demonstrate her bias against the state and a predetermination of Foust's sentence. For example, the prosecutors assert that

she has characterized the state's efforts to pursue the death penalty in this case as "silly" and a "waste of time" and that she described one of the state's objections as "disingenuous and suspect."

{¶ 10} Judge Collier–Williams thoroughly responded to each of the prosecutors' allegations: she denies making some of the comments attributed to her, and she offers context for some of the other comments. For example, the judge acknowledges that she expressed her opinion that a life sentence without parole would be a good resolution to this case. But according to the judge, she made the comment when the parties were "preparing for and/or in discussions with each other about possibly resolving" Foust's case.

{¶ 11} As previously explained, " '[a] judge rarely hears preliminary aspects of a case without forming conditional opinions of the facts or law. These conditional opinions often assist the parties and their counsel in identifying and narrowing the issue in controversy and facilitate the settlement of cases prior to trial.' " *In re Disqualification of Horvath*, 105 Ohio St.3d 1247, 2004-Ohio-7356, 826 N.E.2d 305, ¶ 8, quoting *In re Disqualification of Brown*, 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353 (1993). However, these conditional opinions are typically not sufficient to counter the presumption of a judge's ability to render a fair decision based on the evidence later presented at trial. *Id.* Here, Judge Collier–Williams denies that she has reached any fixed judgment on Foust's sentence, and therefore it appears that she expressed only a preliminary conditional opinion, which is insufficient to demonstrate bias or prejudice.

{¶ 12} Upon review of all the allegedly biased comments described in the prosecutors' affidavits—and of the judge's specific responses to those allegations—I conclude that the record fails to support a finding that the judge has hostility toward the state combined with a fixed anticipatory judgment. *See In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14 (defining "bias or prejudice" as a hostile feeling or favoritism toward one party "with the formation of a fixed anticipatory judgment on the part of the judge"). And with respect to the comments that the judge denies making, conflicting evidence in an affidavit-of-disqualification record is typically insufficient to overcome the presumption of a judge's impartiality. *In re Disqualification of Burge*, 136 Ohio St.3d 1205, 2013-Ohio-2726, 991 N.E.2d 237, ¶ 5; *see also In re Disqualification of Synenberg*, 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 25 ("In the wake of the conflicting stories presented here, I cannot conclude that the judge should be removed * * *").

### The judge's recent jury ruling

{¶ 13} The prosecutors also assert that in March 2017, Judge Collier–Williams issued an eleventh-hour decision assigning a jury to Foust's mitigation hearing, purportedly based on *Hurst v. Florida*, 577 U.S. ——, 136 S.Ct. 616, 193 L.Ed.2d

504 (2016). According to the prosecutors, Ohio law precludes the judge from impaneling a jury in this case.

{¶ 14} Whether the judge properly interpreted *Hurst,* however, cannot be decided in an affidavit of disqualification. And it is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst,* 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. Therefore, the prosecutors' disagreement or dissatisfaction with the judge's recent jury ruling is not grounds for disqualification.

### Continuing the case until the next prosecutor took office

{¶ 15} Finally, the prosecutors argue that Judge Collier–Williams should be disqualified because in May 2016, she improperly continued the case so that the next elected prosecutor—whose term had not yet commenced—could weigh in on whether the state should pursue the death penalty against Foust. The transcript of a May 2016 hearing confirms that in deciding when to reschedule the mitigation hearing, Judge Collier–Williams stated the following:

> I don't mind taking the time until January and let the new prosecutor look at it and make a decision. He can say I agree with the past one and this man should die, and that's fine. But he may just say, let's end all this and let's—let's let this man live and we're done. * * *
>
> I don't think it's anything wrong with trying to save costs to the State of Ohio and to avoid a bunch of appeals coming down the line if, you know, this matter became [sic] resolved by the new prosecutor.

{¶ 16} The prosecutors are correct in arguing that the judge should not have relied on this factor in continuing the mitigation hearing. At the time she made the comments, the incumbent prosecutor had about eight months left in his term. The judge effectively trespassed on the prerogatives of the incumbent prosecutor by continuing the case based on speculation that the next prosecutor might adopt a different strategy.

{¶ 17} The record, however, indicates that Judge Collier–Williams also continued the case for other reasons, including the unavailability of Foust's mitigation expert and withdrawal of his counsel. More importantly, the judge's comments at the May 2016 hearing—although improper—do not necessarily show bias against the state or a predetermination of Foust's sentence. Rather, the comments appear to have been motivated by judicial-efficiency concerns—i.e., to "save costs" and "avoid a bunch of appeals." In addition, if the prosecutors believed that the judge's comments demonstrated bias, they should have filed an

affidavit of disqualification soon after she made the remarks in 2016. *See In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996) (an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred"). The fact that the prosecutors waited ten months to file their affidavits—and the fact that they filed their affidavits immediately after receiving the judge's adverse jury ruling— suggests that the adverse decision may have prompted their request to remove Judge Collier–Williams, rather than the comments that the judge made in May 2016.

## Conclusion

{¶ 18} It is well settled that "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze,* 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Given Judge Collier–Williams's significant and lengthy involvement in this case, disqualification is warranted only under "extraordinary circumstances." The prosecutors have failed to adduce sufficient proof to carry that burden. Accordingly, the affidavits of disqualification are denied. The case may proceed before Judge Collier–Williams.