O'Connor, C.J.
*1296 {¶ 1} Defendant, Raymond Eichenberger, has filed another affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Terri Jamison from the above-captioned divorce proceeding. This is the fourth affidavit of disqualification that Mr. Eichenberger has filed in the matter. His previous disqualification requests were dismissed as untimely or denied. See In re Disqualification of Jamison , 146 Ohio St.3d 1251, 2015-Ohio-5674, 55 N.E.3d 1115 ; In re Disqualification of Jamison , 146 Ohio St.3d 1252, 2015-Ohio-5683, 55 N.E.3d 1116 ; In re Disqualification of Jamison , case No. 18-AP-110 (Oct. 30, 2018).
{¶ 2} Mr. Eichenberger claims that for various reasons, Judge Jamison is biased and prejudiced against him. Judge Jamison has responded in writing to the affidavit and denies any bias against Mr. Eichenberger.
{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Jamison.
{¶ 4} First, Mr. Eichenberger states that Judge Jamison has been rude, discourteous, and abrasive toward him. Mr. Eichenberger raised this claim in his previous affidavits, but similar to those matters, he has failed to properly substantiate the allegation. For instance, he has not given any specific examples of the judge's allegedly rude conduct or substantiated the allegation with transcripts or other evidence. "[V]ague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." In re Disqualification of Walker , 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).
{¶ 5} Second, Mr. Eichenberger claims that Judge Jamison has failed to timely rule on remand instructions from the court of appeals. For her part, Judge Jamison states that because Mr. Eichenberger has filed various motions, appeals, and affidavits of disqualification, she has been prevented from issuing additional *1297 rulings in the case. Mr. Eichenberger's repeated disqualification requests, however, should not have prevented the judge from deciding matters pending before her. R.C. 2701.03(D)(1) provides that if the clerk of this court accepts an affidavit of disqualification for filing, "the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice * * * rules on the affidavit." But R.C. 2701.03(D)(4) further provides that if, after the chief justice denies an affidavit, the same party files a second or subsequent affidavit against the same judge in the same case, then the judge "may preside in the proceeding prior to the ruling of the chief justice" on the subsequent affidavit.
{¶ 6} Regardless, based on this record, Mr. Eichenberger has not established that Judge Jamison's actions have been so egregious or that she has neglected her judicial duties such that she should be *261 removed for unreasonably delaying this case. See In re Disqualification of Collier-Williams , 150 Ohio St.3d 1286, 2017-Ohio-5718, 83 N.E.3d 928, ¶ 7-8.
{¶ 7} Third, Mr. Eichenberger claims that after he filed a mandamus action against Judge Jamison, she improperly refused to stay a contempt hearing and then had him arrested and incarcerated for failing to appear for that hearing. According to Mr. Eichenberger, Judge Jamison jailed him "to wreak revenge" against him for filing the mandamus action and that her conduct was "grossly unethical" and violated his constitutional rights. In response, Judge Jamison denies acting improperly or unethically. The judge explains that the mere filing of Mr. Eichenberger's mandamus action did not require her to stay the contempt hearing and after he failed to appear for the hearing, she followed standard procedures. And the judge notes that "Mr. Eichenberger placed himself in the position to be arrested when he failed to appear for court." Based on this record, Mr. Eichenberger has failed to establish that the judge's actions were retaliatory or a product of bias against him. See State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956) (defining "bias or prejudice" as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts").
{¶ 8} The affidavit of disqualification is denied.