IN RE DISQUALIFICATION OF YARBROUGH.

FITZGERALD *v.* FITZGERALD.

[Cite as *In re Disqualification of Yarbrough,* ___ Ohio St.3d ___,

2019-Ohio-1625.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to present sufficient evidence that judge neglected matter, demonstrated bias, or engaged in unconscionable conduct—Disqualification denied.*

(No. 19-AP-010—Decided February 21, 2019.)

ON AFFIDAVIT OF DISQUALIFICATION in Wood County Court of Common Pleas, General and Domestic Relations Division, Case Nos. 2017DR0012 and 2018CV0014.

_____

**O'CONNOR, C.J.**

{¶ 1} Sean P. FitzGerald has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Stephen Yarbrough, a retired judge sitting by assignment, from presiding over any further proceedings in the above-referenced cases.

{¶ 2} Mr. FitzGerald claims that Judge Yarbrough has neglected the underlying divorce case, the judge is biased against him, and the judge engaged in unconscionable conduct. Judge Yarbrough has responded in writing to the affidavit and denies any bias against Mr. FitzGerald. The judge also explained some of the circumstances that have led to delays in the divorce matter.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Yarbrough.

{¶ 4} First, "[a]lthough a judge's neglect or unreasonable delay in a case *could* be a reason to disqualify the judge" (emphasis sic), *In re Disqualification of*

*Collier-Williams*, 150 Ohio St.3d 1286, 2017-Ohio-5718, 83 N.E.3d 928, ¶ 8, Mr. FitzGerald has not established that Judge Yarbrough's actions or inactions require his removal here. The judge acknowledged that the case "has taken longer than the usual case," but he also explained the reasons for the delay. The record does not support a finding that the actions of Judge Yarbrough have been so egregious or that he has neglected his judicial duties such that he should be removed for unreasonably delaying the divorce case.

{¶ 5} Second, Mr. FitzGerald has not demonstrated that the judge's comments or actions demonstrate bias against him. Mr. FitzGerald alleged that numerous remarks by the judge "demonstrated deep-seated, open antagonism and hostility" toward him—allegedly based on his pro se status. However, upon review of the transcripts, the judge's challenged comments were either directed at all parties and counsel or were not indicative of judicial bias.

{¶ 6} Third, the basis for Mr. FitzGerald's "unconscionable conduct" allegation appears to be his disagreement with some of the judge's legal rulings, including the judge's suspension of Mr. FitzGerald's parenting time and garnishment of his wages. In response, Judge Yarbrough has explained the bases for those and other legal decisions. Regardless, it is well settled that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. "[A]lleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification." *In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988).

{¶ 7} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-

Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.

{¶ 8} The affidavit of disqualification is denied.  The cases may proceed before Judge Yarbrough.

_____