IN RE DISQUALIFICATION OF RUSSO.

SIGNER *v.* SIGNER.

[Cite as *In re Disqualification of Russo,*
110 Ohio St.3d 1208, 2005-Ohio-7146.]

(No. 05–AP–018—Decided April 22, 2005.)

MOYER, C.J.

{¶ 1} The affidavit of disqualification filed in this case on March 7, 2005, by Julie Luft Signer was denied by entry dated March 8, 2005.

{¶ 2} On March 14, 2005, Signer filed a request seeking reconsideration of that decision. I denied that request on March 24, 2005.

{¶ 3} On March 31, 2005, affiant filed yet another motion for reconsideration, which I denied on April 3, 2005.

{¶ 4} Affiant Signer has now filed—on April 21, 2005—another motion for reconsideration. She evidently disagrees quite strongly with the judge's rulings and alleges that the judge must therefore be biased against her. As was true of the earlier affidavits and motions on which I have ruled in this case, however, I see no evidence of bias or prejudice in the record before me.

{¶ 5} The affiant is an attorney. She surely understands that judges' decisions often disappoint some or all of the parties involved in litigation. Ours is a profession in which we turn to judges to resolve difficult questions in contentious matters. Adverse rulings, without more, are not evidence that a judge is biased or prejudiced.

{¶ 6} I recognize that the affiant believes that her own health and the well-being of her child are at stake in the case before Judge Russo. And she believes strongly that the judge has made multiple legal missteps over the course of many months. Her views—right or wrong—are no doubt sincerely held. Yet my statutory and constitutional authority to decide whether judges can serve fairly and impartially does not empower me to remove a trial or appellate judge from a case every time a party is particularly unhappy about a court ruling or series of rulings. Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts. Reviewing alleged legal errors is not my role under the statutory provision that the affiant has repeatedly invoked.

{¶ 7} The April 21, 2005 motion for reconsideration is denied.