**IN RE DISQUALIFICATION OF FUERST.**

**IN RE APPOINTMENT OF SPECIAL PROSECUTOR GLICKMAN.**

**[Cite as *In re Disqualification of Fuerst,* 134 Ohio St.3d 1267, 2012-Ohio-6344.]**

*Judges—Affidavits of disqualification—R.C. 2701.03—Judge's decision to appoint special prosecutor without notice to county prosecuting attorney and without opportunity to be heard is not evidence of prejudgment— Adverse rulings, even if erroneous, are not proper subject for affidavit-of-disqualification proceeding.*

(No. 12-AP-058—Decided June 18, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas, Case No. SD-12-076919.

_____

**O'CONNOR, C.J.**

{¶ 1} William D. Mason, Cuyahoga County Prosecuting Attorney, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Nancy A. Fuerst from acting on any further proceedings in case No. SD-12-076919, now pending in the Court of Common Pleas of Cuyahoga County.

{¶ 2} Prosecutor Mason alleges that Judge Fuerst "has exhibited a fixed anticipatory judgment regarding the ultimate issue to be resolved" in the underlying matter. He also asserts that Judge Fuerst demonstrated bias and prejudice by assigning the underlying matter to herself, in contravention of Sup.R. 36(B).

**{¶ 3}** Judge Fuerst has responded in writing to the concerns set forth in the affidavit of disqualification. She strongly disagrees with Mason's allegations and expressly denies harboring any bias or prejudice against Mason or his office.

**{¶ 4}** Mason has filed a letter in rebuttal to the response submitted by Judge Fuerst. In Mason's view, the judge's response to the disqualification request "further evidences her bias and prejudice" against him. He also argues that the judge's removal is warranted because a judicial colleague of Judge Fuerst has "already identified the need for an outside visiting judge."

**Relevant Facts**

**{¶ 5}** On March 2, 2012, Judge Michael P. Donnelly wrote a letter to both Judge Fuerst and Prosecutor Mason in which he requested that a special prosecutor be appointed to determine whether criminal charges should be brought against Adrienne Smith. According to the letter, Judge Donnelly had presided over a recent criminal case, *State v. Shouman*, in which Smith was a chief witness for the state. Judge Donnelly requested that a special prosecutor be appointed to investigate Smith for possible perjury in connection with her testimony in the Shouman case. Judge Donnelly emphasized in his letter that he believed that the assistant prosecutors in the Shouman case had acted in good faith, even though they had made factual representations to the court and jury based on information provided by Smith that were later proven false.

**{¶ 6}** Following receipt of the letter, Mason contacted Judge Donnelly and informed him that he would undertake an investigation of the incident and that it would not be necessary to appoint a special prosecutor. The assistant prosecutors who had tried the Shouman case were removed and a different assistant prosecutor was assigned to investigate Smith for perjury and present any charges to the grand jury. Mason's affidavit does not indicate whether he conveyed this same information to Judge Fuerst.

**{¶ 7}** On April 26, almost two months following Judge Donnelly's letter, Judge Fuerst appointed former Judge Robert T. Glickman to act as a special prosecutor to conduct an investigation into Judge Donnelly's allegations of perjury against Smith and to initiate any necessary proceedings pursuant to law. No hearing was held before the appointment at which Mason had the opportunity to contest his removal.

**{¶ 8}** On May 1, Mason filed a writ of prohibition with this court alleging that Judge Fuerst had no jurisdiction to appoint a special prosecutor without first providing him with notice and an opportunity to contest the disqualification of his office. The prohibition action sought to prevent Judge Fuerst and Judge Donnelly from enforcing the order appointing Glickman as special prosecutor. *See* Supreme Court of Ohio case No. 2012-0765.

**{¶ 9}** On May 2, Mason signed a grand-jury indictment charging Smith with perjury.

**{¶ 10}** On May 17, Judge Fuerst, sua sponte, rescinded her order appointing the special prosecutor. In the same order, Judge Fuerst scheduled a hearing on the request for a special prosecutor. Due to the judge's decision to rescind her order, Mason applied to dismiss his writ-of-prohibition case, which was granted on May 24.

**{¶ 11}** Mason filed the instant affidavit on May 21, seeking to disqualify Judge Fuerst from presiding over any proceedings involving the appointment of a special prosecutor.

### Analysis

**{¶ 12}** Mason raises two primary arguments in his affidavit of disqualification. Neither has merit. Thus, no basis has been set forth for ordering the disqualification of Judge Fuerst.

*Alleged Prejudgment*

{¶ 13} Mason first alleges that Judge Fuerst has exhibited a fixed anticipatory judgment regarding the ultimate issue to be resolved in the underlying matter: whether to appoint a special prosecutor over Mason's objections. Mason states that Judge Fuerst determined on April 26—without affording him due process and in violation of Ohio law—that a special prosecutor is required to serve " 'the interest of justice and to avoid the perception of any conflict' " involving Mason's office. According to Mason, even though the judge later rescinded the order appointing Glickman as special prosecutor and decided to hold a hearing on the matter, this "does not change the fact that she prejudged the ultimate issue without providing me due process when she summarily removed me and my entire office."

{¶ 14} Mason apparently believes that Judge Fuerst's decision to appoint a special prosecutor without affording him notice and a hearing reflects prejudgment on her part. But a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Indeed, it is well settled that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4.

{¶ 15} Moreover, Mason has not set forth any compelling argument or evidence that Judge Fuerst has predetermined the merits of the underlying matter. Mason devotes much of his affidavit to arguing that Judge Fuerst has no sound legal basis to appoint a special prosecutor. But this issue is not properly raised in an affidavit-of-disqualification proceeding. The arguments asserted by Mason in his affidavit go to the merits of the underlying case. Those arguments, however, do not address whether Judge Fuerst has a disqualifying bias, prejudice, or interest, which is the issue to be decided in this proceeding. *See* R.C.

2701.03(B)(1) (requiring affiant to include specific allegations of "interest, bias, prejudice, or disqualification"). Mason can submit these arguments to the trial court in the first instance and, if necessary, to the court of appeals. But reviewing alleged legal errors is not the role of the chief justice in deciding an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 16} Nor is there any hint or suggestion of bias, prejudice, or prejudgment in the judge's decision to appoint a special prosecutor. Judge Donnelly made the initial request for a special prosecutor to both Judge Fuerst and Mason. Nearly two months later, after hearing no objection to the request for a special prosecutor or any indication that perjury charges had been brought against the state's witness, Judge Fuerst decided to appoint a special prosecutor. Mason then filed a writ of prohibition with this court, objecting to the special prosecutor. In response, Judge Fuerst rescinded her appointment and set the matter for a hearing. These facts undercut Mason's claim that Judge Fuerst has prejudged the merits of the underlying case and is unable to treat him and his office fairly and impartially. On this record, no reasonable and objective observer would harbor serious doubts about Judge Fuerst's impartiality. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8.

*Alleged Violation of Sup.R. 36(B)*

{¶ 17} Second, Mason alleges that Judge Fuerst demonstrated bias and prejudice against him by "assigning the within matter to herself, in contravention of Sup.R. 36(B) (requiring a random assignment of cases in multi-judge court)." The authority of the chief justice in an affidavit-of-disqualification proceeding is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case. *In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356,

803 N.E.2d 820, ¶ 9.  An affidavit of disqualification is not the mechanism for determining whether a judge has complied with the law or, as here, whether a judge has failed to follow the Rules of Superintendence.  *Id.* at ¶ 8.

*Mason's Rebuttal Letter*

{¶ 18} On June 7, 2012, Mason filed a letter in rebuttal to Judge Fuerst's response to the affidavit of disqualification.  Mason claims in his letter that the judge's response further evidences her bias and prejudice against him.  He also asserts that Judge Fuerst's removal is warranted because one of her judicial colleagues has already identified the need for a visiting judge.

{¶ 19} Mason cannot, however, raise new allegations against a judge simply by filing a letter with the court.  R.C. 2701.03 requires that a party or counsel seeking to disqualify a judge in a pending action must file an *affidavit* with the clerk of the Supreme Court.  *See* R.C. 2701.03(B)(2) (requiring that the affidavit contain the "jurat of a notary public or other person authorized to administer oaths or affirmations"); *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992) (by definition, an affidavit must be confirmed by oath or affirmation of the party making it and must be taken before a person having authority to administer the oath or affirmation).  Mason's failure to confirm the statements in his letter "by oath or affirmation" violates R.C. 2701.03.  Accordingly, his letter is a "nullity" and has "no effect on the proceedings before" the trial court.  *Id.*

**Conclusion**

{¶ 20} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions."  *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.

6

**{¶ 21}** For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed before Judge Fuerst.

————————————