IN RE DISQUALIFICATION OF DEWINE.

THE STATE OF OHIO *v*. MCCANTS.

[Cite as *In re Disqualification of DeWine,* 136 Ohio St.3d 1250,

2012-Ohio-6288.]

*Judges—Affidavit of disqualification—Disqualification denied.*

(No. 12-AP-085—Decided August 24, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County

Court of Common Pleas Case No. B 1103329-1.

_____

**O'CONNOR, C.J.**

{¶ 1} Thomas R. Koustmer, attorney for the defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Pat DeWine from presiding over any further proceedings in case No. B 1103329-1, now pending on an alleged community-control-sanction violation in the Court of Common Pleas of Hamilton County.

{¶ 2} Koustmer alleges that Judge DeWine is biased and prejudiced against defendant Neeco McCants. This bias, according to Koustmer, has resulted in Judge DeWine's forming a "conclusion of guilt" prior to the hearing on McCants's alleged community-control violation; "usurp[ing] the authority of the probation officer" by pursuing the community-control violation after the probation department had decided to dismiss it; and infringing upon McCants's constitutional rights.

{¶ 3} Judge DeWine has responded in writing to the concerns in the affidavit, offering a detailed account of his handling of the underlying case. Judge DeWine contends that he "can proceed in this case without prejudice or

bias" and that McCants will be "provided a fair and impartial" community-control-revocation hearing.

{¶ 4} For the following reasons, no basis has been established for ordering the disqualification of Judge DeWine.

**Background of the Underlying Case**

{¶ 5} In July 2011, Judge DeWine placed McCants on community control for a period of two years following a guilty plea to a charge of attempting to carry a concealed weapon. On March 29, 2012, McCants was indicted on a separate charge for carrying a concealed weapon, and Judge DeWine was also assigned to hear that case. On April 5, 2012, a community-control-sanction violation was filed against McCants in the original case, based on the new indictment. Judge DeWine continued the hearing on the community-control violation until after the trial on the new charge.

{¶ 6} That trial occurred on June 5, 2012, and the jury returned a verdict of not guilty on the single charge of carrying a concealed weapon. However, during presentation of the evidence, two police officers testified that they had observed McCants and others huddled around a small bag in a driveway. As the officers approached, McCants ran away and a gun fell out of his pants. One of the officers caught McCants, and McCants threw a bag of marijuana on the ground. Immediately following the jury verdict, Judge DeWine asked counsel for the prosecution whether he would move forward with the community-control violation. The assistant county prosecutor answered: "Yeah, we probably want to add the marijuana that was found on him and things like that to the probation violation." Judge DeWine subsequently set the community-control-revocation hearing for June 19, 2012.

{¶ 7} According to Koustmer, prior to the June 19 hearing, he spoke to the county prosecutor and a representative from the Hamilton County Probation Department, who both indicated that they would dismiss the community-control

2

violation. This appears to be confirmed by the transcript of the June 19 hearing, which begins:

> The Court: Good morning. All right. We're here today for a probation violation. Anything from the State?
>
> Mr. Vick: No, Your Honor. The original charge is Rule 2, carrying a concealed weapon. The probation department declined to—
>
> The Court: Why is that, do you know?
>
> Mr. Vick: He didn't tell me.
>
> The Court: Before I dismiss it, I want to see the probation officer in here. Who is the probation officer?
>
> Mr. Vick: Nick Kern.
>
> The Court: Tell him I want to see him here.

{¶ 8} According to Judge DeWine, the probation officer appeared shortly thereafter, and "the Court and defense counsel were informed that the State and probation department still wished to proceed with an amended probation violation." At that time, the parties and the court went back on the record, and the probation department indicated that it would amend the community-control violation to include allegations relating to the police officers' testimony from the separate trial. Judge DeWine allowed a continuance, and the probation department subsequently filed the amended community-control violation, which included the new allegations of marijuana possession, foot pursuit from a police officer, and trespassing.

{¶ 9} Koustmer thereafter filed two motions to dismiss the amended violation, arguing that the amendment violates the Rules of Criminal Procedure and disrespects the jury's decision and the grand jury's decision—the grand jury

had previously ignored these same allegations by refusing to indict McCants on these charges. Judge DeWine denied the motions to dismiss and set the matter for a full hearing on the amended community-control violation. Koustmer subsequently filed this affidavit of disqualification.

**Merits of the Affidavit of Disqualification**

{¶ 10} Koustmer's affidavit lists several allegations of bias and prejudice, which can be grouped into four main categories: (1) Judge DeWine has prejudged McCants's guilt on the amended community-control violation, (2) Judge DeWine "usurped" the authority of the probation department by pursuing the community-control violation after the department had decided to dismiss it, (3) Judge DeWine is biased and prejudiced against McCants because he presided over the trial on the separate carrying-a-concealed-weapon charge, and (4) Judge DeWine's actions have violated McCants's constitutional rights. None of these allegations, however, are sufficient to warrant disqualification.

*Alleged prejudgment of the issues*

{¶ 11} Koustmer claims that Judge DeWine has prejudged McCants's guilt on the amended community-control violation based on two of Judge DeWine's comments at the June 19 hearing. First, Koustmer points to the following passage, in which Judge DeWine is responding to Koustmer's request to dismiss the probation department's motion to amend the violation:

> At this point, he has been convicted of carrying a concealed weapon. He has been acquitted—excuse me—of carrying a concealed weapon; however, there was substantial evidence introduced and that is uncontroverted, that he violated at least some of the laws.

> The probation department wishes to amend the charge. I'm not sure whether it makes any difference whether it's continued or dismissed and then a new charge is filed.
>
> But I think in this case, the most appropriate thing is to deal with all of those issues at once, and so * * *

{¶ 12} Second, Koustmer claims that the following statement by Judge DeWine similarly demonstrates that he had predetermined McCants's guilt: "Mr. Koustmer, do you want—Count 2 says that he would obey all laws. There's clear testimony that he did not obey all laws, okay?"

{¶ 13} According to Judge DeWine, he made these comments when deciding that "there was a sufficient evidentiary basis to allow amendment of the probation violation rather than the dismissal sought by Mr. Koustmer." Judge DeWine repeatedly states throughout his response to Koustmer's affidavit that he has not expressed any opinion or made "any decision as to Mr. McCants' guilt or innocence" and that at the eventual revocation hearing, McCants may "present whatever evidence he deems appropriate" and "subpoena and examine any witnesses he feels are appropriate." Finally, Judge DeWine states that he has "every confidence that Mr. McCants will be provided a fair and impartial trial."

{¶ 14} The term "bias or prejudice" "implies a hostile feeling or spirit of ill will * * * with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). In addition, bias or prejudice on the part of the judge will not be presumed. " 'In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias or prejudice must be strong enough to overcome the presumption of his integrity.' " *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d

17, ¶ 16, quoting 48A Corpus Juris Secundum, Judges, Section 108, at 731 (1981).

{¶ 15} Koustmer has failed to overcome those presumptions here, because the two comments do not demonstrate that Judge DeWine has a "fixed anticipatory judgment" about the alleged community-control violation. Judge DeWine may have formed an initial opinion from evidence presented at the earlier trial, but judges often form conditional opinions about a case during preliminary matters. It is well settled that the formation of these conditional opinions does not counter the presumption of the judge's ability to preside fairly and impartially over future proceedings. *In re Disqualification of Horvath*, 105 Ohio St.3d 1247, 2004-Ohio-7356, 826 N.E.2d 305, ¶ 8; *In re Disqualification of Brown*, 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353 (1993). Further, Judge DeWine asserts that the comments were made only to support his decision allowing the amendment of the community-control-violation charge, and McCants will have the opportunity to present evidence to dispute the probation department's claims at a "fair and impartial" revocation hearing. Because nothing in the record contradicts Judge DeWine's assurances, there is no clear existence of a "fixed anticipatory judgment." Disqualification is therefore not warranted.

### *Judge DeWine's conduct allegedly "usurping" the authority of the probation department*

{¶ 16} Koustmer next alleges that Judge DeWine "usurped the authority of the probation officer" by pursuing the community-control sanction after the probation department had indicated a desire to dismiss the pending violation. Koustmer similarly alleges that Judge DeWine "singlehandedly converted" the community-control-violation claim to include the additional offenses.

{¶ 17} In response, Judge DeWine states that to the best of his knowledge, Koustmer's claim that the prosecution and probation department desired to dismiss the sanction "is not factually correct." According to Judge DeWine, the

prosecutor indicated his desire to amend the community-control violation immediately after the June 5 trial. At the beginning of the June 19 hearing on the community-control violation, a probation officer "who had not been previously assigned to the case and who apparently had no knowledge of the case" was present. Accordingly, Judge DeWine requested that the probation officer assigned to the case appear in his courtroom, and after he did, "the Court and defense counsel were informed that the State and probation department still wished to proceed with an amended probation violation."

{¶ 18} Koustmer is making a serious allegation of misconduct against Judge DeWine—i.e., Judge DeWine somehow pressured or urged the probation department to amend the community-control-violation charge against its wishes. In an affidavit-of-disqualification proceeding, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1) (requiring an affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). Accordingly, the affiant is often required to submit evidence beyond the affidavit itself supporting the allegations contained therein. *See, e.g.*, *In re Disqualification of Crow*, 91 Ohio St.3d 1209, 741 N.E.2d 137 (2000) (denying an affidavit when an affiant failed to provide supporting affidavits from participants in allegedly improper conversations). Yet Koustmer offers no third-party affidavits or any other compelling evidence to support his claims of "usurpation," other than the June 19 hearing transcript. In contrast, Judge DeWine has provided the June 5 trial transcript showing that the prosecutor expressly stated that he would "probably want to add the marijuana that was found on him and things like that to the probation violation." Further, Judge DeWine thoroughly explains why he requested the presence of the probation officer at the June 19 hearing, and he explains what occurred when the parties were off the record.

**{¶ 19}** While the transcript from the June 19 hearing certainly demonstrates indecision and confusion on the part of the probation department, the record here does not demonstrate that Judge DeWine pressured the probation department into amending the claim of a community-control violation. In light of Judge DeWine's explanation, Koustmer's vague, unsubstantiated, and speculative allegations are insufficient evidence to warrant judicial disqualification. *See, e.g.*, *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice"); *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice"); *In re Disqualification of Cacioppo*, 77 Ohio St.3d 1245, 674 N.E.2d 356 (1996) ("The hearsay allegations of the affiant will not stand in the face of an affirmative denial by the trial judge of substantive ex parte contacts").

**{¶ 20}** In addition, an element of Koustmer's allegation is that Judge DeWine is biased because he permitted the probation department to amend the violation, even though such an amendment allegedly violates the Rules of Criminal Procedure. However, an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. A party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Trial judges are entitled to exercise discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling. The remedy for these and other legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

*Judge DeWine's participation in the separate trial*

{¶ 21} Koustmer also alleges that Judge DeWine is biased and prejudiced "by virtue of having presided over [McCants's] Carrying Concealed Weapons trial." However, absent a showing of actual bias, the mere fact that a judge presided over prior proceedings involving one or more of the parties presently before him is not sufficient to warrant disqualifying that judge from presiding over a subsequent proceeding involving the same parties. *See State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 57 ("A trial judge is not disqualified simply because he acquired knowledge of the facts during a prior proceeding"); *State v. D'Ambrosio*, 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993) ("A judge need not recuse himself simply because he acquired knowledge of the facts during a prior proceeding"). Thus, Judge DeWine is not disqualified merely because he presided over McCants's June 2012 trial on the separate charge.

*Alleged constitutional violations*

{¶ 22} Throughout his affidavit, Koustmer alleges that Judge DeWine "has and will discount the mandates of substantive due process as required by the United States and Ohio Constitutions." An affidavit of disqualification, however, is not the appropriate vehicle for determining whether a judge has violated a party's constitutional rights. *In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 8-9. Koustmer has other legal remedies available to his client to challenge Judge DeWine's actions, including appeal. Koustmer may not litigate these issues in an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**Conclusion**

{¶ 23} The statutory right to seek disqualification is an "extraordinary remedy." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-

5489, 798 N.E.2d 23, ¶ 5. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *Id*. Those presumptions have not been overcome in this case.

{¶ 24} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge DeWine.

————————————