1248

IN RE DISQUALIFICATION OF GIULITTO.

LUNDIN v. NIEPSUJ.

(No. 16–AP–022—Decided May 3, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, Vincent Niepsuj, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Joseph Giulitto, a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned domestic-relations cases.

{¶ 2} Niepsuj claims that Judge Giulitto has a conflict of interest in the underlying matters because the judge's son represented plaintiff's current husband in a separate domestic-relations case in 2005. Niepsuj also criticizes Judge Giulitto's recent decisions extending plaintiff's civil protection order against Niepsuj and denying Niepsuj's request to modify parental rights.

{¶ 3} Judge Giulitto has responded in writing to the affidavit, denying any prejudice against Niepsuj and explaining that his recent decisions were based on the evidence before him. The judge also states that before Niepsuj raised the issue, the judge was not aware that his son had represented plaintiff's husband in an unrelated matter more than ten years ago. Judge Giulitto affirms that even if he had had such prior knowledge, it would have had no effect on his recent decisions.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Giulitto.

{¶ 5} First, Jud.Cond.R. 2.11(A)(2) requires a judge to recuse himself or herself from any case in which a family member has "act[ed] as a lawyer in the proceeding." Here, Judge Giulitto states that his son represented plaintiff's current husband in a separate domestic-relations matter "not involving Mr.

Niepsuj or any of his family members." Thus, because the judge's son has not served as a lawyer in the underlying cases, Jud.Cond.R. 2.11(A)(2) does not mandate Judge Giulitto's disqualification.

{¶ 6} Nor is Judge Giulitto's removal required to avoid any appearance of impropriety. The judge has affirmed that his son's representation of plaintiff's husband in an unrelated case more than ten years ago had no impact on his decisions in the underlying matters. Without more, a reasonable and objective person would not harbor serious doubts about the impartiality of Judge Giulitto merely because of this attenuated link between individuals related to the underlying cases and the judge's family. *See In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (explaining the test for determining whether a judge's participation in a case presents an appearance of impropriety).

{¶ 7} Second, Niepsuj's dissatisfaction with Judge Giulitto's recent decisions is not grounds for disqualification. It is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst,* 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. "Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *In re Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6. But reviewing alleged legal errors is not the role of the chief justice in deciding an affidavit of disqualification.

{¶ 8} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} The affidavit of disqualification is therefore denied. The case may proceed before Judge Giulitto.