IN RE DISQUALIFICATION OF SUTULA.

THE STATE OF OHIO *v.* BROWN.

2016-Ohio-8597.]

(No. 16–AP–053—Decided July 8, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, Amir J. Tauwab, formerly known as Bruce A. Brown, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Kathleen Ann Sutula from presiding over any further proceedings in the above-captioned criminal case.

{¶ 2} Tauwab claims that Judge Sutula is biased against him for the following reasons. First, he claims his attorney told him that at an April 2016 pretrial conference with counsel, Judge Sutula stated that Tauwab is guilty and should accept the consequences of his actions. Second, Tauwab complains about some of Judge Sutula's initial rulings in the case. For example, he argues that the judge improperly exercised jurisdiction over the case because it relates to the unauthorized practice of law, which is within the exclusive jurisdiction of this court. Third, Tauwab avers that his counsel told him that at another pretrial conference, Judge Sutula expressed anger with Tauwab for attempting to file an affidavit of disqualification and that as a result, the judge struck a pending pro se motion filed by Tauwab and ordered him to undergo a psychiatric evaluation.

{¶ 3} Judge Sutula has responded in writing to the affidavit, detailing her handling of the case and denying any bias against Tauwab. Judge Sutula avers that she never told counsel she believed Tauwab was guilty, and she states that his allegation is "utterly false." The judge acknowledges that the underlying criminal case may stem from Tauwab's unauthorized practice of law, but she further explains that Tauwab has been charged with grand theft, tampering with records, and forgery. The judge believes that the trial court is not precluded from hearing those criminal charges. Finally, Judge Sutula denies being angry with Tauwab for previously attempting to disqualify her from the case. According to Judge Sutula, she struck Tauwab's pro se motion because he is represented

by counsel, and she ordered a psychiatric evaluation based on defense counsel's opinion that it may be beneficial to Tauwab.

{¶ 4} Based on this record, there is no basis to order the disqualification of Judge Sutula.

{¶ 5} In affidavit-of-disqualification proceedings, a "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. In addition, "[a]llegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

{¶ 6} Here, two of Tauwab's allegations are based on what his counsel allegedly told him had occurred at pretrial conferences. Tauwab's unsubstantiated hearsay allegations, however, are insufficient to overcome the presumption that Judge Sutula is fair and impartial—especially considering the conflicting facts presented in the judge's response to the affidavit of disqualification. *See In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 8 (affiant's "vague and unsubstantiated allegations—especially in the face of clear denials by Judge Baronzzi—are insufficient to overcome the presumption that Judge Baronzzi is fair and impartial"); *In re Disqualification of Harwood*, 137 Ohio St.3d 1221, 2013-Ohio-5256, 999 N.E.2d 681, ¶ 7 ("Given the conflicting evidence in the record—and [the affiant's] failure to substantiate her allegations with third-party affidavits or other evidence—[the affiant] has failed to set forth sufficiently compelling evidence to overcome the presumption that Judge Harwood is fair and impartial").

{¶ 7} Additionally, Judge Sutula has ruled that the trial court has jurisdiction over the criminal charges pending against Tauwab, and it is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice," *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. "Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6. However, reviewing alleged legal errors is not the role of the chief justice in deciding an affidavit of disqualification. Therefore, Tauwab's disagreement or dissatisfaction with Judge Sutula's legal decisions is not a basis for her removal.

{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge Sutula.