IN RE DISQUALIFICATION OF SWENSKI.

YOUNG *v.* YOUNG.

2016-Ohio-8593.]

(No. 16–AP–099—Decided December 22, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, James Young, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Lisa Swenski from presiding over any further proceedings in the above-captioned domestic-relations case.

{¶ 2} Mr. Young avers that Judge Swenski is biased against him because she held an emergency ex parte hearing without proper notice to Mr. Young or his attorney. According to Mr. Young, the judge's actions violated his due-process rights and the local court rules. Mr. Young also attached to his affidavit four newspaper articles about Judge Swenski, and he states that he is "concerned" about the information reported in the articles.

{¶ 3} Judge Swenski has responded in writing to the affidavit, denying any bias against Mr. Young and explaining her reasoning for going forward with the hearing despite the absence of Mr. Young and his counsel. Specifically, Judge Swenski believed that the emergency hearing was for the purpose of preserving marital property and that she was therefore permitted to hold an ex parte hearing. The judge further notes that the newspaper articles included in Mr. Young's affidavit have no connection to the underlying case.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Swenski.

{¶ 5} As an initial matter, "[a]n affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, Judge Swenski held the ex parte hearing in August 2016, and the newspaper articles were published in September 2016. Yet Mr. Young waited until December 5—just days before the scheduled trial—to file his affidavit of disqualification. Nothing in the record justifies the delay in filing the affidavit, and therefore Mr. Young has waived the right to disqualify Judge Swenski based on these allegations. *See In re Disqualification of Corrigan*, 91 Ohio St.3d 1210, 741 N.E.2d 137 (2000) (affiant waived objections to judge when incidents giving rise to claim of bias occurred "several months prior to the filing

of the affidavit" and affidavit was filed "less than three weeks before the scheduled trial").

{¶ 6} Alternatively, even if Mr. Young had not waived these objections to Judge Swenski, he has failed to set forth sufficient grounds for disqualification. Mr. Young is correct that a judge's improper ex parte communications may result in a judge's removal from a case. *See, e.g., In re Disqualification of Sheward,* 134 Ohio St.3d 1226, 2012-Ohio-6289, 982 N.E.2d 717, ¶ 11. But here, Judge Swenski's decision to proceed with the hearing was based on her legal conclusion that she was permitted to conduct an ex parte hearing under the circumstances. Whether Judge Swenski's decision was legally correct is an issue for appeal—not for an affidavit of disqualification. "[A] judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst,* 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. And nothing about Judge Swenski's legal decision indicates that it was the product of bias against Mr. Young. *See State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956) (defining bias or prejudice as "a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge").

{¶ 7} In addition, Mr. Young has not sufficiently explained how the newspaper articles prove that Judge Swenski is biased against him. The articles involve a different affidavit of disqualification filed against Judge Swenski in an unrelated set of cases. R.C. 2701.03(B)(1) requires an affidavit of disqualification to set forth the "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." With respect to the newspaper articles, Mr. Young's affidavit fails to comply with this statutory requirement because he did not describe with specificity how the articles support his claim of judicial bias. *See In re Disqualification of Flanagan,* 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice").

{¶ 8} The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} The affidavit of disqualification is therefore denied. The case may proceed before Judge Swenski.