O'Donnell, J.
*1228 {¶ 1} Dante' D. Gordon has filed an affidavit with the clerk of this court pursuant to R.C. 2501.13 and 2701.03 seeking to disqualify Judge Thomas Teodosio, Judge Donna Carr, Judge Beth Whitmore, and Judge Clair Dickinson from hearing his pending appeal. Pursuant to Ohio Constitution, Article IV, Section 5 (C) and R.C. 2701.03, Chief Justice O'Connor recused herself from participation in this matter and designated the undersigned to hear the disqualification request.
{¶ 2} Gordon claims that all four judges are biased against him. In support of his allegations, Gordon avers that Judge Teodosio presided over postconviction proceedings in this case while serving as a common pleas court judge and that each of the named judges committed legal errors in deciding his previous motions and appeals.
{¶ 3} C. Michael Walsh, the court administrator for the Ninth Appellate District, submitted a written response to Gordon's affidavit.
{¶ 4} For the reasons explained below, the affidavit of disqualification is not well taken because Gordon has not established that any of the judges should be disqualified.
{¶ 5} Walsh reports that because Judge Teodosio served as a trial judge in the matter, he has already recused himself from Gordon's pending appeal. See Jud.Cond.R. 2.11(A)(7)(d) (requiring a judge to disqualify himself or herself if the judge "previously presided as a judge over the matter in another court"). Accordingly, the affidavit of disqualification is denied as moot as to Judge Teodosio.
{¶ 6} Next, Walsh notes-and we take judicial notice of the fact-that Judge Beth Whitmore and Judge Clair Dickinson are both retired and no longer serve on the Ninth District Court of Appeals. Therefore, given that they cannot be *1229 assigned to hear Gordon's pending appeal, the affidavit of disqualification does not comport with R.C. 2501.13 (authorizing litigants to file an affidavit of disqualification against "a judge of the court of appeals") as to them and is not well taken. Accordingly, the affidavit is denied as to Judges Whitmore and Dickinson.
{¶ 7} Finally, Judge Carr has supplemented the response with an affidavit attesting to her impartiality and stating that if assigned to hear this matter, she will be fair and impartial. Her resolution of Gordon's prior appeals does not prove that she cannot be fair in hearing this matter.
{¶ 8} It is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice."
*1259 In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14 ; see also In re Disqualification of Russo , 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6 (the chief justice's "statutory and constitutional authority to decide whether judges can serve fairly and impartially does not empower [the chief justice] to remove a trial or appellate judge from a case every time a party is particularly unhappy about a court ruling or series of rulings"). Thus, Gordon has not set forth sufficient grounds for removing Judge Carr from the underlying appeal, and the affidavit of disqualification as to Judge Carr is denied.