O'Connor, C.J.
*1314 {¶ 1} Thomas W. Robison III has filed an affidavit with the clerk of this court pursuant to R.C. 2101.39 and 2701.03 seeking to disqualify Judge Robert G. Montgomery from presiding over any further proceedings in the above-referenced probate matter.
{¶ 2} Mr. Robison claims that Michael R. Moran, chief counsel and mediator at the Franklin County Probate Court, "is directly related, by marriage" to an attorney for an opposing party in the underlying case. That conflict of interest, Mr. Robison argues, has resulted in Judge Montgomery and his magistrate issuing a series of prejudicial decisions against Mr. Robison and other heirs.
{¶ 3} Judge Montgomery has responded in writing to the affidavit and denies any bias against Mr. Robison. The judge also submitted an affidavit from Mr. Moran, who explained his connection to counsel for one of the parties. Specifically, Mr. Moran avers that his ex-wife's sister is married to the brother of an attorney in the underlying case. Mr. Moran further states that in 2016, when the case was scheduled for mediation, he disclosed to the parties that although he had been divorced since 2013, he had a past familial relationship to counsel for one of the parties. According to Mr. Moran, all counsel waived any potential conflict and permitted him to act as mediator in the case.
{¶ 4} Based on this record, Mr. Robison has failed to establish any grounds for the disqualification of Judge Montgomery. Mr. Moran's connection to counsel for one of the parties does not create an appearance of impropriety for the judge-especially considering that Mr. Moran disclosed the relationship and counsel waived any objections to his participation in the mediation.
{¶ 5} Moreover, it is well settled that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. And "alleged errors of law or procedure are legal issues subject to appeal and are not grounds *1315 for disqualification." *198 In re Disqualification of Light , 36 Ohio St.3d 604, 522 N.E.2d 458 (1988). Mr. Robison may have other remedies for his dissatisfaction with Judge Montgomery's legal decisions, but he has not established that the judge's decisions were the product of any bias against him based on the mediator's tenuous connection to counsel for the opposing party in the case.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Montgomery.