[Cite as *Lee v. Cooke*, 2019-Ohio-1163.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| PETER M. LEE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-045** |
| ROLAND COOKE, III, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CV 000159.

Judgment: Affirmed.

*Mark A. Ziccarelli,* Ziccarelli & Martello, 8754 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Charles A. Bakula,* 30500A Euclid Avenue, 2nd Floor, Wickliffe, OH 44092 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Roland Cooke, III, and Madison Country Club ("MCC"), appeal from the March 19, 2018 judgment entry of the Lake County Court of Common Pleas granting a motion for directed verdict in favor of movants, Eagle Trading Company, LLC and Peter Lee. Mr. Lee is the sole appellee herein. At issue is whether appellants adequately met their burden of proving damages at trial such that a directed verdict was

not warranted. For the reasons set forth herein, we find they did not and affirm the judgment of the trial court.

{¶2} In February 2012, Mr. Cooke purchased the Madison Country Club ("MCC") out of receivership. MCC is comprised of a golf course and a clubhouse, located across the street from one another, each operating separately and distinctly. This appeal relates primarily to the golf course. Mr. Cooke orally agreed to keep on, as salaried employees, the three individuals who were operating the MCC golf course prior to its purchase: Mr. Lee, Kevin Leymaster, and Todd Bishop. Mr. Lee was responsible for finances, receivables and payables, Mr. Leymaster was the general manager, and Mr. Bishop handled all maintenance. Mr. Cooke did not involve himself in the operation of MCC and admitted he gave the three men "total control" over the operation of the golf course.

{¶3} Mr. Cooke did not utilize credit cards for purchases. Accordingly, he did not provide a company credit card for MCC and expected vendors to be paid by check. MCC memberships were often solicited off-site and prospective members wished to pay dues via credit card. However, MCC had no portable credit card reader and only one credit card reader on location at the golf course. Mr. Lee personally owned a Square, Inc. (the "Square") mobile credit card reader, which was connected to the account of Eagle Trading Company, a company owned by Mr. Lee. Since MCC membership dues were collected off-site, Mr. Lee primarily used the Square to accept payment. Although Mr. Lee had sole access to the Eagle Trading Company account, Mr. Leymaster knew and approved of its use. Mr. Lee would routinely transfer funds from the Eagle Trading Company account into the MCC Chase Bank account for certain payments to be made

2

by check, including payment of taxes. The funds not transferred to MCC is the primary focus on appeal.

{¶4} In late 2013 or early 2014, Mr. Lee informed Mr. Cooke that MCC did not have enough money to pay certain taxes that were due and offered to provide a short-term loan to cover the deficiency. Mr. Cooke accepted, and Mr. Lee transferred $35,000 from his personal account into the MCC Chase Bank account.

{¶5} Mr. Cooke's ex-wife, Laura Cooke, ran operations at the clubhouse across the street from MCC from April 2012 until approximately October 2013. In March 2015, a fire occurred in the clubhouse. Investigators determined the fire was caused by arson, which prompted an audit of MCC finances. Ms. Cooke was asked to return and facilitate the audit; she was given financial information for both the golf course and the clubhouse. When she saw the Eagle Trading Company account entries, she brought it to Mr. Cooke's attention, who said this was the first he heard of it. In April 2015, believing Mr. Lee had misappropriated funds, Mr. Cooke terminated Mr. Lee's employment. The $35,000 loan has not been repaid.

{¶6} In January 2016, Mr. Lee filed the initial suit in the Lake County Court of Common Pleas against Mr. Cooke and MCC seeking recovery of the $35,000 loan. Early in the trial, the parties stipulated to the following facts: Mr. Lee loaned MCC $35,000, which MCC agreed to repay; Mr. Lee has requested repayment, and MCC has not repaid the $35,000. Mr. Lee testified he believed Mr. Cooke was personally responsible for the loan. However, the court eventually found the loan was to MCC alone and Mr. Cooke was not personally responsible. Ultimately, the court granted a

3

directed verdict for Mr. Lee on the repayment of the loan, which is not at issue on appeal.

{¶7} In their answer to the complaint, Mr. Cooke and MCC joined Eagle Trading Company and brought a counterclaim for "breach, justifiable reliance, fraud, unjust enrichment, negligence, breach of fiduciary duty and for an accounting". The record shows the following undisputed numbers: Eagle Trading Company's account had a beginning balance of $41.46 as of February 1, 2013 and an ending balance of $25.00 the close of April 2015; from February 2013 to April 2015, the Eagle Trading Company account took in $208,030.31; during that time, approximately 40 checks totaling $123,432.89 were written and deposited directly into the MCC Chase Bank account. The remaining $84,597.42 exited the account by use of the debit card and was the focus at trial.

{¶8} Mr. Lee testified the Eagle Trading Company account was used only for MCC expenses. As to Mr. Cooke's knowledge of the Eagle Trading Company account, Mr. Lee testified he sent Mr. Cooke monthly statements of the Eagle Trading Company account, which indicated frequent transfers from Eagle Trading Company to the MCC Chase Bank account. At trial, Mr. Cooke admitted he did not pay much attention to these monthly statements. Mr. Lee also testified he never intentionally used any MCC funds for his own benefit but admitted there were several relatively low-dollar-amount personal expenses mistakenly paid out of this account that were promptly reversed and refunded to the account. Mr. Cooke offered no evidence to the contrary and the record confirms the refunds.

{¶9} Mr. Cooke alleges Mr. Lee owes him the entire $84,597.42 as damages. At trial, Ms. Cooke, who has no golf-course experience or first-hand information as to the operation of the MCC golf course, testified for Mr. Cooke as to which expenses on the Eagle Trading Company account record she thought may or may not be necessary to operation of a golf course. She freely and repeatedly admitted she did not have adequate information to determine which of the transactions on the Eagle Trading Company debit card were or were not MCC related. Moreover, both Mr. Cooke and Ms. Cooke acknowledged that at least some of the debit card charges were country club related expenses. Nevertheless, Mr. Cooke maintains he is entitled to $84,597.42 in damages because the funds should not have been funneled through Eagle Trading Company in the first place.

{¶10} After the parties rested, Mr. Lee and Eagle Trading Company, LLC, moved for directed verdict against Mr. Cooke and MCC, which the trial court granted citing Mr. Cooke's failure to establish damages. Mr. Cooke and MCC now appeal, assigning a single error for our review:

{¶11} "The Trial Court Committed Reversible Error by granting the Appellees' Motion for Directed Verdict at the conclusion of the trial."

{¶12} Civ. R. 50(A)(4) provides: "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." The trial court 'must neither consider the

5

weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion.' *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418 ¶31, quoting *Strotler v. Hutchinson*, 67 Ohio St.2d 282-284 (1981). "Thus, 'if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied.'" *Cowling, supra,* quoting *Kellerman v. J.S. Durig Co.*, 176 Ohio St. 320, 199 N.E.2d 562 (1964). The "trial court's decision to grant a motion for a directed verdict involves a question of law [thus] our review de novo." *White v. Leimbach*, 131 Ohio St.3d 21, 2011-Ohio-6238, ¶22.

{¶13} Appellants' brief spends several pages listing the elements of fraud in the inducement, including a definition for the element of justifiable reliance; breach of fiduciary duty; negligence; and breach of contract. However, the crux of their argument is that the amount of damages in this case was not readily ascertainable and thus the case should have been submitted to the jury to determine the appropriate amount of damages. The trial court granted directed verdict based on its finding that Mr. Cooke and MCC failed to establish they were damaged. Thus, we assume arguendo the other elements of their claims have been met and focus our discussion on whether Mr. Cooke and MCC established the element of damages.

{¶14} Mr. Cooke and MCC asserted causes of action in both torts and contracts. As we have previously held, "[a] plaintiff bears the burden of 'proving the nature and extent of damages whether an action sounds in tort or contract.' *Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga No. 2011-G-3019, 2012-Ohio-3015, ¶28,

6

quoting *Countywide Home Loans, Inc. v. Huff*, 11th Dist. Trumbull No. 2009-T-0044, 2010-Ohio-1164, ¶47.

**{¶15}** Mr. Cooke and MCC assert that the damages were unascertainable and thus it would be appropriate for the jury, as trier of fact, to determine the amount of damages. In support, appellants cite *Story Parchment Co. v. Patterson P. Paper Co.,* 282 U.S. 555 (1931), affirmed by *Bigelow v. RKO Radio Pictures,* 327 U.S. 251 (1946) and *Modic v. Modic,* 91 Ohio App.3d 775 (8th Dist.1993) for the principle: "once the *fact of damage* is established with reasonable certainty the plaintiff is given considerable latitude in proving the *amount* of the loss lest the wrongdoer escape his obligation to make restitution." (Emphasis original). *Id.* at 783. Moreover, appellants argue, "[t]he 'reasonable certainty' requirement applies only to the cause or fact of damages and not to the amount of damages." *Id., citing Kinetico, Inc. v. Indep. Ohio Nail Co.,* 19 Ohio App.3d 26, 33, (8th Dist.1984). We point out these cases dealt with actions in tort. However, even applying this rule to Mr. Cooke and MCC's tort claims, we find that they have failed to establish with reasonable certainty even that they were damaged. The only testimony regarding which debits from the Eagle Trading Company account were not spent on MCC expenses was pure speculation. In fact, Ms. Cooke, who was called as witness to establish which transactions were used for non-MCC purposes, testified:

**{¶16}** "Q: And you had told me that other than questioning some of these payments, that you don't have any direct knowledge as to whether in fact those are country club related expenses or not?"

**{¶17}** "A: Correct."

{¶18} As for his tort claims of fraud, negligence, and breach of fiduciary duty, Mr. Cooke and MCC had the burden to prove their right to damages with a reasonable degree of certainty and failed to do so.

{¶19} Mr. Cooke and MCC also failed to adequately prove damages for their breach of contract claim. Damages for breach of contract must be shown to a greater degree of certainty than for tort claims and the amount of damages must not be left to speculation. *James v. Sky Bank*, 11th Dist. Trumbull No. 2010-T-0116, 2012-Ohio-3883, ¶33. Mr. Cooke and MCC do not argue they pled damages with specificity. Indeed, Mr. Cooke testified:

{¶20} "Q: * * * [D]o you have any specific amounts that you are alleging that Mr. Lee took that should have belonged to Madison Country Club?"

{¶21} "A: Do I have exact numbers, as I said before, I don't."

{¶22} Thus, Mr. Cooke and MCC failed to adequately establish damages for any of their causes of action.

{¶23} In his brief, Mr. Cooke and MCC also alleged bias and partiality on the part of the trial court, which we now briefly discuss. Judicial bias or prejudice "implies a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. Presumably in support of his assertion, appellants brief states Mr. Lee's wife is a current Magistrate with the Lake County Court of Common Pleas. However, Magistrate Lee played no part in the underlying proceedings. Without more,

8

her disqualification is not automatically imputed to other judges. *See In re Disqualification of Parker,* 135 Ohio St.3d 1216, 2012-Ohio-6307, ¶5.

**{¶24}** Appellants also assert the trial court judge materially assisted opposing party at their expense. However, the record shows no evidence of material assistance in either party's favor, nor do they point to any specific statement or conduct. Moreover, it is well established that "a judge's adverse rulings * * * are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, ¶14. Moreover, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions.'" *Fuerst, supra,* ¶20, quoting *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶5. Mr. Cooke and MCC have failed to overcome that presumption. We find no bias, partiality, or material assistance on the part of the trial court.

**{¶25}** In light of the foregoing, we hold the trial court did not err in granting directed verdict for Mr. Lee. Mr. Cooke and MCC's assignment of error is without merit.

**{¶26}** The judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

9